UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

ANTHONY WHITE,

               Plaintiff,

                                  ORDER

    - against -

                                  CV 2008-2238 (KAM)(MDG)

CITY OF NEW YORK, et al.,

               Defendants.

- - - - - - - - - - - - - - - - - -X

    This order addresses the letter application of Max McCann to dismiss the complaint for plaintiff's failure to prosecute and to provide discovery ordered. See ct. doc. 13. There has been no response by plaintiff.

    As a preliminary matter, I address whether I have jurisdiction to consider defendants' motion. Even though framed as a motion to dismiss, defendants' motion is essentially one for sanctions for failure to comply with a discovery order and provide automatic disclosures. Dismissal is simply one of the available sanctions enumerated under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure that a court may impose for failure to comply with a discovery order. Since the orders that are the subject of the motion were issued by me, I will address the motion in the first instance. Were I to determine that the sanction of dismissal is appropriate, then I would so recommend to Judge Matsumoto. See Zises v. Dept. of Soc. Srvcs., 112 F.R.D. 223, 226 (E.D.N.Y. 1986);

see also 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3068.2 at 342-44 (2d ed. 1997) ("The critical issue here is what sanction the magistrate judge actually imposes, rather than the one requested by the party seeking sanctions"). If I decline to impose the requested sanction of dismissal, then Rule 72(a) would govern and this matter would be within my pretrial reference authority. See, e.g., Phinney v. Wentworth Douglas Hospital, 199 F.3d 1, 5-6 (1st Cir. 1999); Magee v. Paul Revere Life Ins. Co., 178 F.R.D. 33, 37 (E.D.N.Y. 1998) (citing Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525-26 (2d Cir. 1990)).

Defendants' Motion for Sanctions and to Dismiss

Rule 37(b)(2) of the Federal Rules of Civil Procedure governs the sanctions that a court may impose for failure to comply with an order to provide discovery. The Rule provides, in pertinent part:

> If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ...(C) An order ... dismissing the action or proceeding or any part thereof...

Fed. R. Civ. P. 37(b)(2)(C). In addition, a party may move to compel under Rule 37(d) for failure to respond to interrogatories and document requests and if such a motion is granted, a court may impose the sanctions available under Rule 37(b)(2). Fed. R. Civ. P. 37(d).

Because dismissal with prejudice for discovery failures is a harsh sanction, dismissal is appropriate only in extreme situations. See, e.g., Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994). This sanction may be imposed only if the Court (a) finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) gives notice that violation of the court's order will result in a dismissal of the case with prejudice. See Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) (dismissal with prejudice as sanction for abuse of discovery held improper without prior notice), rev'd on rehearing on ground that notice had in fact been given, id. at 764, cert. denied, 499 U.S. 943 (1991). In addition, dismissal is appropriate only "after consideration of alternative, less drastic sanctions." Marfia v. T.C. Ziraat Bankasi, New York Branch, 100 F.3d 243, 253 (2d Cir. 1996).

On the record before me, plaintiff clearly has failed to provide the discovery ordered by this Court, despite continuing efforts by defendants to procure compliance. Therefore, the Court finds that sanctions are appropriate here in order to deter plaintiff and other litigants from disobeying court orders and ignoring valid discovery requests. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (sanctions are necessary to deter "other parties to other lawsuits" from flouting "other discovery orders of other district courts"); Sieck v. Russo, 869 F.2d 131, 134 (2d Cir. 1989); Fed.

R. Civ. P. 37(b)(2) (permitting a court to impose sanctions if a party "fails to obey an order to provide or permit discovery").

Since this Court has not previously imposed sanctions, the drastic sanction of dismissal is premature at this point. Simmons v. Abruzzo, 49 F.3d 83, 88 (2d Cir. 1995) (courts must impose less drastic sanctions, before resorting to dismissal). Accordingly, this Court sanctions plaintiff $250, payable to the defendants for the costs and fees expended in their effort to obtain discovery. This sanction is imposed jointly on both the client and counsel. See Apex Oil Co. v. Belcher Co. of New York, Inc., 855 F.2d 1009, 1014 (2d Cir. 1988) (Rules 37(a) and 37(d) permit imposition of monetary sanctions on counsel).

This Court thus does not reach the other grounds for dismissal raised by defendants. However, this Court notes that an application for dismissal for failure to comply with discovery should ordinarily be addressed under Rule 37(d), rather than "'Rule 41(b), which appears in that part of the Rules concerned with trials and which lacks such specific references to discovery.'" Salahuddin v. Harris, 782 F.2d 1127, 1133-34 (2d Cir. 1986) (quoting Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 207 (1958)); see also Bobal, 916 F.2d at 763-64.

## CONCLUSION

For the foregoing reasons, plaintiff and his counsel are jointly sanctioned $250, which payment must be made to the New York City Law Department, counsel for defendants, by October 16, 2009. Plaintiff must provide the responses to the defendants' interrogatories and document requests by October 30, 2009. Plaintiff is warned that if he fails to comply with this order or to respond to future discovery requests and orders in a timely fashion, further and more drastic sanctions <u>will</u> be imposed. Such sanctions are likely to include a recommendation that this action be dismissed.

**SO ORDERED.**

Dated: Brooklyn, New York
October 2, 2009

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE